### Albert Brown v. The State.

#### No. 2934.    Decided November 23, 1904.

**1.—Local Option—Continuance—Cumulative Testimony.**

Where upon second application for continuance the testimony of the absent witness was cumulative, it was not error to refuse it.

**2.—Same—Practice—Different Sales—Intoxicating Liquor.**

Where the evidence did not show that the iron tonic sold in the morning was at all intoxicating and that the bottle of whisky was sold in the evening of the same day, there was no error in failing to elect upon which transaction the State would seek conviction.

**3.—Same—Minor Defendant May be Prosecuted.**

Where the evidence showed that defendant was 16 years when he violated the local option law and had arrived at the age of discretion he was punishable for such infraction of the law.

Appeal from the County Court of Madison. Tried below before Hon. C. E. Gustavus.

Appeal from a conviction of violating the local option law; penalty, $25 and twenty days in county jail.

The State proved the sale of a bottle of whisky by defendant and that the liquor was intoxicating. There was no proof that the Iron Tonic which he sold was intoxicating. The defendant in open court tendered back to the prosecutor the 50 cents, the price for the whisky, claiming that he was a minor and could contract no sale, if any had been made, which he denied. He also attacked the general reputation of the chief State's witness.

No brief for appellant.

Howard Martin, Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days confinement in the county jail.

Appellant insists that the court erred in overruling his application for continuance. The testimony complained of is cumulative, and it being the second application, we do not think there was any error in the ruling of the court.

Bill number 2 complains of the court's refusal to compel the State to elect upon which transaction it would seek a conviction: the sale of

the tonic or the whisky. There was no error in this, since the evidence does not show that the Iron Tonic sold in the morning was at all intoxicating. The prosecutor merely testified that he bought a bottle of Iron Tonic in the morning, and 50 cents' worth of whisky in the evening.

Appellant also insists that he cannot be convicted because he is a minor. The proof shows that appellant was 16 years of age. There is no law absolving appellant from prosecution, he having arrived at the years of discretion. The evidence is amply sufficient to support the verdict, and the judgment is affirmed.

*Affirmed.*